FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APR 07 2008

JAMES N. HATTEN, CLERK
By: _____
Deputy Clerk

RICHARD V. HARRISON,           )
                               )
        Plaintiff,             )
                               )
vs.                            ) Civil Action No. 1:07-CV-1220-JEC-JFK
                               )
INTERNATIONAL BUSINESS         )
MACHINES (IBM) CORP.,          )
                               )
        Defendant.             )

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S

## MOTION FOR SUMMARY JUDGMENT ON

## COUNTS II, III, V, & VI.

COMES NOW Plaintiff ("Richard V. Harrison") Pro se, and pursuant to local

Rule  56 B (1), and files his brief in opposition to Defendant's Motion for Summary

Judgment on Counts II, III, V, and VI.

## BACKGROUND  INFORMATION

On or around November 9th, 2005, Plaintiff filed his first (**PSMF # 19**) of a

total three Equal Employment Opportunity Commission ("EEOC") charges with the

Atlanta, EEOC office. In his first charge Plaintiff checked four claims (boxes),

namely, Race, Sex, National Origin and Retaliation. In addition, Plaintiff stated in his first "EEOC," charge, *"I believe I have been discriminated against because of my race (Black), sex (male), National Origin (Jamaican) and retaliated against because I complained about practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended."*

Plaintiff was out on medical leave from November 8th, 2005, and returned to work on Monday, March 27th, 2006 **(PSMF # 18).** A week before Plaintiff returned to work from medical leave on March 23rd, 2006, Ms. Sylvia Hall, EEOC, Investigator, conducted an on- site visit at Defendant's "IBM's Hillside" facility where Plaintiff's office was located**(PSMF # 20, IBM0014187-14195).** During the on-site visit Ms. Hall interviewed Plaintiff's immediate manager, Mr. Vodopa, Plaintiff's former co-worker Tasha Galloway, and Mr. Harry Gornick, Defendant's former Customer Support/Fulfillment manager.

On account of the hostile retaliatory conduct, harassment, and hostile working environment and conditions that Plaintiff was subjected to when he returned from medical leave on Monday, March 27th, 2006, Plaintiff filed his **second** EEOC charge on April 3rd, 2006**(PSMF # 24).** Plaintiff marked the "Retaliation" box and, among other things, in his factual statement stated," *I believe I have been discriminated against because of retaliation for filing a charge of discrimination in violation for*

*filing a charge of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.*" Consequently, on April 11th, 2006, the EEOC sent a **"Notice of Charge of Discrimination"** to Defendant and gave them until May 11th, 2006, to respond. This charge like the first EEOC charge was assigned to same Senior EEOC Investigator, Ms. Sylvia Hall **(PSMF # 25).**

On or around July 19th, 2005, Plaintiff requested two "Right to Sue" notices relating to Plaintiff's two (2) charges above. On July 27th, 2006, the EEOC issued Plaintiff two (2) separate "Right to Sue" letters. **(PSMF # 26).** Consequently, on October 23rd, 2006, Plaintiff filed his first Complaint with this Court. The Complaint was amended on November 29th, 2006, and served to Defendant on December 13th, 2006. **(1:06-cv-02549, Dockets #'s 1 & 7)**.

The final paragraph of Plaintiff's First Amended Complaint states, *"Mr. Vodopia's harassment and retaliation continues to date."*

On account of the **continual harassment**, on January 12th, 2007, Plaintiff's counsel sent an email to Defendant's counsel in which he stated, *"The only matter I wanted to bring up is my hope that Mr. Harrison's supervisors refrain from hostile retaliatory conduct ( as you know he has returned to work). In all frankness, I have, been holding off on an additional EEOC charge in re: continued retaliation, because I was hoping to focus on this case, not some potential future one. I'll*

*certainly give you a heads up prior to any filing.*" **(TAB V, Plaintiff's Exhibit # 1, p2)**

Consequently, on January 24th, 2006, Plaintiff's former counsel, Mr. John Wales, sent Plaintiff's third EEOC charge accompanied with a letter via US Mail to the EEOC. Among other things, in his letter, Mr. Wales was clear that, *"Mr. Harrison has a related lawsuit pending in the United States District Court, Northern District of Georgia (Harrison v. IBM Corp., 1:06-cv-2549). According, we request a Notice of Right to Sue so that the allegations in the instant charge may be incorporated into the pending lawsuit."* Moreover, in addition to checking the **"Retaliation"** box on the EEOC charge, he also checked the **"continuing action"** box and filled in the **"Latest"** as **"January 2007."** Mr. Wales did not fill in a date under the **"Earliest"** caption. **("PSMF # 44).**

Additionally, in the **Joint Preliminary Report and Discovery Schedule** that was jointly filed by Defendant's and Plaintiff's counsels in Plaintiff's first lawsuit (hereafter, **"Harrison I"**),  in Section six (6), specifically, **Amendments to Pleadings:**, clearly stated:-

> *" (1) Plaintiff's response : Plaintiff has recently filed a charge*
> *of retaliation against Defendant with the Equal Employment*
> *Opportunity Commission ( and has requested a Notice of Right to*

*Sue) and anticipates moving the Court for leave to amend the*

*Complaint to add this cause of action."* <u>**(PSMF # 45)**</u>

Consequently, on March 3rd, 2007, the EEOC issued Plaintiff's the third and final

EEOC Right to Sue Notice, which seems to be the cause of this instant motion.


## <u>ARGUMENT (S) AND LEGAL AUTHORITY</u>

### <u>(A)</u>

In its motion for summary judgment, Defendant claims that Plaintiff's legal

claims under Title VII for Counts II, III,V, and VI, are administratively barred

because Plaintiff failed to assert it in his EEOC charges.   However, Defendant has

failed to point out or make mention of the fact that the EEOC had previously issued

Plaintiff two Right to Sue letters that were directly related to the **third** Right to Sue

letter-**the basis of this lawsuit <u>(PSMF #26)</u>.**

The Eleventh Circuit has stated that *the "the scope of a judicial complaint is*

*defined by the scope of the EEOC investigation that 'can reasonably be expected to*

*grow out of the charge of discrimination.'"* <u>Baker v. Buckeye Cellulose Corp.</u>, 856

F.2d 167, 169(11th Cir. 1988) (quoting <u>Sanchez v. Standard Brands, Inc.</u>, 431 F.2d

455, 466 (5th Cir. 1970)).The purpose of Title VII's exhaustion requirement is to

notify the defendant of the allegations and to give the EEOC *"the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts."* <u>Green v. Elixir Ind., Inc</u>., 407 F.3d 1163, 1167 (11th Cir. 2005). Clearly, *"the law recognizes that retaliatory discrimination such as Hostile Work Environment (HWE), disparate treatment and retaliatory harassment treatment are so closely related to allegations of racial discrimination such that a conclusion about one could reasonably be expected to grow out of an investigation of the other."* Likewise race-based harassment may involve making negative statements about a particular race or giving one race preferential treatment .

More importantly, Defendant had clear and ample notice that they would be investigated for possible discrimination based on HWE, retaliatory harassment , disparate treatment, sex and National Origin claims. Moreover, the EEOC was already conducting an investigation based on the aforementioned legal claims on account of Plaintiff's other two EEOC charges that were filed in November 2005, and April 2006, respectively **(PSMF #20)**. In fact, in their **"EMERGENCY MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, MOTION FOR FURTHER ENLARGEMENT OF TIME,"** to the Court in January 24th, 2007, Defendant argued:-

"*Exactly* like Plaintiff's first lawsuit against IBM, he claims

race discrimination, sex, discrimination, national origin

discrimination, retaliation, and the like in the second case. Not only

does the second lawsuit involve identical legal claims, but the two

lawsuits share that  same parties, counsel, and witnesses, and many

of the same factual allegations - - the classic indicia of an action that

should be consolidated. Consolidation will serve judicial economy

and minimize the chance of inconsistent results. As such,

Defendant's Motion to Consolidate or alternatively, its Motion for

Further Enlargement of Time should be granted." (1-06-cv-02549,

Doc # 77, Memorandum,  p1, line 3)

In fact, Defendant *italicized* and **bolded** their use of the word *"Exactly"* - -

indicating how strongly they felt about their argument to the Court to consolidate the

cases based on their similarities. Consequently, this Court ordered that "<u>**Harrison I**</u>"

and "<u>**Harrison II**</u>" consolidated based on Defendant's arguments. Among other

things, Magistrate Judge King concluded:-

" *The law suits are simply parts one and two of the same story*

*line, in fact, would be confusing to a fact finder, both on summary*

*judgment and at trail, without both parts being fully discussed."* <u>(1-</u>

7

**06-cv-02549, Doc. #94)**

However, Defendant in this instant motion to the Court, clearly, has taken a

*'180 degrees'* turn from the said argument they made to Court in their

**EMERGENCY MOTION TO CONSOLIDATE HARRISON I AND**

**HARRISON II.** Defendant is **NOW** arguing that,

> *"Plaintiff Richard V. Harrison ("Plaintiff" or "Harrison")*
>
> *filed an EEOC charge that alleged only one claim-retaliation. He did*
>
> *not include any allegations regarding race, sex, national origin*
>
> *discrimination or disparate impact, he now seek to include those new*
>
> *and expansive claims in this lawsuit."*

**(B)**

**DEFENDANT IS NOW ATTEMPTING TO HAVE "TWO**

**BITES AT THE APPLE."**

"Reconsideration of a prior order is proper when the moving party

establishes (1) an intervening change of law, (2) availability of new evidence,

(3) the need to correct manifest errors of law or fact, or (4) patent

misunderstanding by the Court of the party's arguments. See ***Z.K. Marine,***

***Inc. v. M/V Archigetis***, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)."  Clearly,

none of the aforementioned four conditions are present in Defendant's instant **Summary Judgment Motion to Dismiss Counts II, III, V, VI**.

Moreover, "the motion is not to be used "as a vehicle to present new arguments or evidence that **should have been raised earlier**, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." ***Brogodon v. National Healthcare Corp***., 103 F. Supp 2d 1332, 1338 (N.D. Ga.2000). The rationale for this rule prevents the litigant from having **"two bites at the apple."** *American Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1239 (11th Cir. 1985)."

It would follow that if summary judgment is granted to Defendant in the instant motion that's now before the Court, it would essentially result in the translation of the Courts October 12th, 2007, **ORDER** , based on the argument Defendant presented to the Court , that resulted in the consolidation of **Harrison I** and **Harrison II**. Interestingly enough, it was **ONLY** after the Discovery Hearing that was held on February 13th, 2008, that Defendant decided to *"….repackage familiar arguments to test whether the Court will change its mind."* As excerpts from the said discovery hearing reveals **(TAB V, Plaintiff's Exhibit # 2,p18-29)**:

*MS. HODGE: THAT'S PART OF IT.*

9

*THE COURT: HUH?*

*MS. HODGE: THAT'S A PART OF IT. THE OTHER PART IS I MEAN, BASED ON WHAT HE IS SAYING HERE I DON'T SEE HOW SALARY HISTORY IS GOING TO SHOW HIM ANYTHING THE ASSIGNMENTS THAT WERE GIVEN TO MR. RUKIRK VERSES WHAT WAS GIVEN TO HIM. THAT'S NOT GOING TO BE PROBATIVE OF THAT.*

*THE COURT: NO, WHAT HE'S SAYING IS IT'S GOING - - THE SALARY THAT EMPLOYEES GOT TO THE EXTENT IT WAS DETRMINED BY MR. V IS MORE EVEIDENCE OF HIS DISCRIMINATORY INTENT.*

*MR. HARRISON: EXACTLY.*

*MS. HODGE: BUT THIS CASE IS NOT ABOUT DISCRIMINATION. THIS CASE IS A RETALIATION CASE.*

*THE COURT: OH, NO.*

*MR. HARRISON: NO.*

*THE COURT:    OH, NO. IF YOU DIDN'T READ THE COMPLAINT - - COUNT TWO, TITLE SEVEN, HOSTILE*

*WORK ENVIRONMENT AND HARASSMENT. COUNT THREE,*

*TITLE SEVEN, DISPARATE TREATMENT BASED ON RACE,*

*SEX AND NATIONAL ORIGIN. EXCUSE ME?*

*MS. HODGE: NONE OF THIS WAS IN THE CHARGE.*

*THE COURT: IT'S IN THE COMPLAIN, IT'S THE*

*COUNTS IN THE COMPLAINT.*

*MS. HODGE: OKAY, SO WE'RE ABLE TO GO BEYOND -*

*THE COURT: WELL, YOU HAVEN'T MOVED TO*

*DISMISS ANY COUNTS.*

Clearly, Defendant is now using the Court's response above as license to,

*""….repackage familiar arguments to test whether the Court will change its*

*mind."* This Court has a firm stance against revisiting **"earlier rulings." (PSMF #**

**50)**. As such, Defendant's motion for summary judgment should be **DENIED.**

Moreover, Defendant in their motion for consolidation of the cases argued to the

Court:-

*"In addition, the fact that Plaintiff opposes consolidation is*

*irrelevant. "Rule 42 (a) and its policy against waste of judicial*

*resources can take precedence over individual counsel's desires that*

*litigation follow its normal and full-blown course Air Crash Disaster,*

*549 F.2d at 1014. Certainly Plaintiff's preference is far outweighed by*

*the resulting conversation of judicial resources, and reduced expense*

*of briefing and trying these overlapping cases separately."*

Consequently, Magistrate Judge King in her ruling (Order) for consolidation of

**Harrison I** and **Harrison II**, concluded that consolidation, *"…..would further*

*judicial concerns of economy of expenditure of judicial resources and burdens on*

*witnesses and the parties .See Young, 59 F.3d at 1168"* Clearly, Defendant's

**untimely** Summary Judgment Motion To Dismiss **Counts II, III, V and VI,** is

counterproductive to the reasons (rationale) argued, that resulted in the consolidation

of the lawsuits. Another reason why Defendant's summary judgment motion should

be **DENIED**.


**(C)**

### TITLE VII AND THE RETALIATORY HARASSMENT, HOSTILE WORK ENVIRONMENT AND DISPARATE TREATMENT CLAIMS.

Recently, in **Burlington Northern & Santa Fe Railway Co. v White**[1] **(See**

**TAB VI**, herewith provided) the Supreme Court defined the scope of employer

---

[1] **Burlington N.& Santa Fe Ry. V White**, 126.S. Ct. 2405, 2415(2006)

conduct that violates the retaliation provision embedded in **Title VII** of the Civil Right Act of 1964.[2] The Court definition is broad enough to encompass the retaliatory harassment claim recognized by numerous Courts. Retaliatory harassment subjects an employer to liability when its employee encounters a **hostile work environment ("HWE")** in retaliation for **engaging in protected activity**. Retaliatory harassment can take the form of name-calling, poor performance evaluations, change in work assignments, or encouraging co-worker ostracism. All of which, Plaintiff experienced.

There are typically three views the circuits look at when assessing discrimination under the retaliation provision of Title VII, namely, the narrow, moderate and broad views. The narrow view circuits decided that "discrimination" in the retaliation context refers only to the ultimate employment decisions that produce "tangible change(s) in duties or working conditions" and result in "material employee disadvantage(s).[3] By contrast, the broad-view circuits held that "discrimination" includes any adverse actions reasonably likely to discourage employees from participating in protected activities. [4] In the middle of these two standards were the moderate circuits that defined "discrimination" as ultimate

---

[2] 42 U.S.C § 2000e-3(a) (2006)
[3] See ,e.g., Manning v. Metro. Life Ins. Co., 127F.3d 686, 692 (8th Cir. 1997).
[4] See ,e.g., Wyatt v City of Boston, 35 F.3d 13, 15-16 (1st Cir 1994) (holding that "discrimination" includes refusals to promote, undesirable transfers and assignments, bad references and "toleration of harassment by other employees")

employment decisions and other decisions that materially affect employment privileges, conditions, terms or compensation. In **Burlington Northern**, the Supreme Court adopted the broad-view circuits' definition. Based on these definitions, **the broad-view and moderate-view circuits recognized retaliatory harassment as actionable discrimination.**

The broad-view circuits justified their position on the grounds that retaliatory harassment is reasonably likely to discourage an employee from participating in protected expression. The moderate -view circuits reasoned that retaliatory harassment could materially affect employment privileges, conditions, terms or compensation. These Courts combined the law developed under the retaliation provision to adjudicate retaliatory harassment claims. The narrow-view courts rejected the retaliatory harassment claim on the grounds that it can never constitute an ultimate employment decision. However, because **Burlington Northern** has embraced the broad-view circuits' approach, **all Courts** must now recognize **retaliatory harassment.**

Although **Title VII** seeks 'to make persons whole for injuries suffered on account of unlawful employment discrimination,' It's 'primary objective,' like that of any statute meant to influence primary conduct, is not to provide redress but to avoid harm.   **Title VII's** main discrimination provision, section **703(a),** makes it

14

unlawful for an employer:

> *(1)to fail or refuse to hire or to discharge any individual, or*
>
> *otherwise to discriminate against any individual with respect to his*
>
> *compensation, terms, conditions, or privileges of employment,*
>
> *because of such individual' race, color, religion, sex, or national*
>
> *origin;[5] or*
>
> *(2) to limit, segregate, or classify his employees or applicants*
>
> *for employment in any way which would deprive or tend to deprive*
>
> *any individual of employment opportunities or otherwise adversely*
>
> *affect his status as an employee, because of such individuals race,*
>
> *color, religion, sex, or national origin.*

Additionally, **Title VII's** retaliation provision, section **704 (a)**, prohibits an

employer from....

> *Discriminating against any employees…..because (the employee)*
>
> *has opposed any practice made an unlawful employment practice by*
>
> *this title…..or because he has made a charge, testified, assisted, or*
>
> *participated in any manner in investigation, proceeding, or hearing*

---

[5] 42 U.S.C. §2000e-2(a) (2006).

*under this title.*[6]

Section 703 (a) and section 704 (a) both **proscribe "discrimination"** but it is not clear from the Statute's text which employer acts constitute "discrimination." However, it is undisputed that the word "discriminate" means **"to make a difference in treatment or favor."** Additionally, in the legal context, the word 'against' is defined as **"adverse to."** Thus, it logically follows that by prohibiting "discrimination against" employees, Section 704(a) forbids employers from adversely treating employees for engaging in protected activity. As such, a disparate treatment claim can be based on a tangible discriminatory practice that *"constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits".*[7] **(See TAB VII, provided herewith)**. Alternatively, it can be based on an intangible discriminatory practice that creates " a **working environment** heavily charged with…..discrimination." In fact, the Supreme Court for the first time recognized and defined HWE harassment in **Meritor Savings Bank v. Vinson**.[8] **(See TAB VIII, provided herewith)**.In a nutshell, the Supreme Court defined HWE harassment *as "Conduct [having] the*

---

[6] 42 U.S.C. §2000e-3(a) (2006).
[7] Burlington Indus., Inc. V. Ellerth, 524 U.S. 742, 761 (1998)
[8] Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986). It is important to note that while Vinson and its progeny address sexual harassment claims, the HWE framework these cases establish also applies to racial, ethnic, and religious discrimination.

*purpose of effect of unreasonably interfering with an individual's work performance or creating an intimidating , hostile, or offensive working environment."*

In the instant case, Plaintiff in his fifty **"Statement of Material Facts To Which there Are Genuine Issues to Be Tried"** have provided irrefutable evidence that he was retaliated against because he engaged in protected activity **(PSMF #'s 32 -37)**. Plaintiff have provided clear evidence to prove that the retaliation he was subjected to, was causally linked to the protected activities he engaged in. Among the adverse employment actions Plaintiff was subjected to were (experienced)- -included but not limited to- - work reassignments intended to set him up for failure, unwarranted/undeserved poor performance evaluations (*i.e., two consecutive "PBC" ratings of "3" and, shortly thereafter, a consequential rating of "4"-unsatisfactory, leading to Plaintiff's termination*), denied the benefit of transferring to another position within IBM (while similar situated employees were transferred and or placed in new assignments/ positions when their jobs were phased out), and ultimately Plaintiff's termination (wrongful discharge) on April 2, 2007.

## STANDARD OF REVIEW

Under Fed. R.Civ.P. 56, summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. **Anderson v. Liberty Lobby**, 477 U.S. 242, 247-50 (1986). A fact is material if, based upon it, a reasonable jury could find in favor of the non-moving party. Anderson, 477 U.S. at 248. The burden rests upon the movant to demonstrate the absence of genuine issues of material fact. **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). The Court is not to decide issues of material fact, but to discern whether any exist. **Gallo v. Prudential Servs., LP.**, 22 F.3d 1219, 1224 (2d Cir. 1994).

In deciding a motion for summary judgment, a district court resolves all ambiguities and draws all permissible inferences against the movant, See, Anderson, 477 U.S. at 255. Where, as here, a party's intent is a material issue, a district court may grant summary judgment, but must be cautious not to decide issues of credibility which bear on intent. **Gallo**, **supra.**

Based on all the foregoing, (including Plaintiff's "PSMF", response to "DSMF," Brief in Opposition to Defendant's Motion for Summary Judgment) Plaintiff respectfully request of this Court that Defendant's Motion for Summary Judgment on **Counts II, III, V, and VI**, be **DENIED** in its entirety.

Respectively submitted, this 7th day of April, 2008.

Richard V. Harrison, Pro Se
2707 Forkview Place
Douglasville, Georgia 30135
Telephone: (678)-391-8644

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD V. HARRISON,                    )
                                        )
    Plaintiff,                          )
                                        )
                                        ) Civil Action No. l: 07-CV-1220-JEC-JFK
vs.                                     )
                                        )
INTERNATIONAL BUSINESS                  )
MACHINES (IBM) CORP.,                   )
                                        )
    Defendant.                          )

## **Certificate of Compliance**

        I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1 (B) (Time New Roman font, 14.5 point).

        Respectively submitted, this 7th day of April, 2008.

Richard V. Harrison, Pro Se
2707 Forkview Place
Douglasville, Georgia 30135
Telephone:  (678)-391-8644

1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 7TH, 2008, Plaintiff

filed **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT ON COUNTS II, III, V &VI**

with the Clerk of the Court in person, and mailed via U.S. Certified Mail,

postage prepaid for delivery to Defendant's attorneys of record at:

> **Joy M. Hodge, Esq.**
> **Theresia M. Moser, Esq.**
> **Johanna T. Wise, Esq.**
> **Jones Day**
> **1420 Peachtree Street, N.E.**
> **Suite 800**
> **Atlanta, GA 30309-3053**

Richard V. Harrison
Pro Se
2707 Forkview Place
Douglasville, GA 30135-8689
(678) 391-8644